UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES T. WILSON, | Case No. 24-11634 |
| Plaintiff, | |
| v. | F. Kay Behm |
| | United States District Judge |
| CARPENTER, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 34) AND MOTION TO AMEND COMPLAINT (ECF No. 39)**

A.  Motion for Appointment of Counsel (ECF No. 34)

In late December 2024, Plaintiff moved for appointment of counsel. In support of his motion, he states that his lawsuit presents complex issues, will require expert testimony, will require discovery, and may involve conflicting testimony better handled by an attorney. He also says he has no litigation experience and that he will be unable to investigate the facts or locate and interview witnesses. (ECF No. 34, PageID.257).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner

civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's reasons for appointment of counsel are insufficient. Plaintiff's medical deliberate indifference claim is not overly complex. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); see also *Ouellette v. Hills*, 2016 WL5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). And Plaintiff has shown an ability to litigate this case considering he filed adequate responses to motions to dismiss and he moved to amend his complaint. Thus, the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff may move for appointment of counsel again if he defeats a motion for summary judgment or circumstances materially change.

B.      Motion to Amend Complaint (ECF No. 39)

Plaintiff wishes to file an amended complaint that modifies certain paragraphs of his original complaint to add two dentists as defendants. He provided a "proposed amended complaint" with his motion, but this "proposed amended complaint" only notes the original complaint paragraphs Plaintiff wishes to change to add the dentists. (ECF No. 40).

Because his time to amend as of right (within 21 days of service of the motions to dismiss) has passed, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). According to Local Rule 15.1, plaintiffs must file a motion to amend the complaint that includes "a copy of the *entire* complaint, as amended, i.e., a proposed amended complaint containing all the allegations, original and new." *Coles v. Scion Steel, Inc.*, 2021 WL 5114563, at *1 (E.D. Mich. Nov. 3, 2021).

Plaintiff did not provide a complete copy of a proposed amended complaint as required. Because of this, we cannot accurately determine whether leave to amend should be granted. So Plaintiff's motion to amend is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 8, 2025                                  s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 8, 2025.

                                                     s/Sara Krause
                                                     Case Manager
                                                     (810) 341-7850