UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES T. WILSON, | Case No. 24-11634 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| G. MINIARD, *et al.*, | Curtis Ivy Jr. |
| Defendants. | United States Magistrate Judge |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S APRIL 8, 2025 REPORT AND RECOMMENDATION (ECF No. 45)**

**I.   PROCEDURAL HISTORY**

Plaintiff, Charles T. Wilson, brings this prisoner civil rights lawsuit, *pro se*, concerning dental care he received while in the custody of the Michigan Department of Corrections (MDOC) and housed at the Central Michigan Correctional Facility (STF).  The court referred this matter to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings.  (ECF No. 9).  Defendants Flanagan and Gilbert filed their motion to dismiss the Complaint on October 9, 2024.  (ECF No. 17).  Defendants Carpenter and Bitler filed their motion to dismiss the Complaint on December 23, 2024.  (ECF No. 33).  On April 8, 2025, Judge Ivy issued a report and recommendation (RR) suggesting that the motions to dismiss be granted. (ECF No. 45).  Wilson filed objections (ECF No. 47) and Defendants filed a

response. (ECF No. 49). For the reasons set forth below, the court **OVERRULES** Plaintiff's Objections (ECF No. 47), **ACCEPTS** and **ADOPTS** the Report and Recommendation (ECF No. 45), and **GRANTS** Defendants' motions to dismiss the Complaint (ECF Nos. 17, 33).

II.     **LEGAL STANDARD**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.   THE COMPLAINT

The RR ably recounts the factual allegations set forth in Wilson's Complaint as follows:

> Plaintiff first sought dental care for a cracked tooth on October 7, 2023. He submitted a request to see the dentist that day complaining of "extreme pain" and a cracked tooth. (ECF No. 1, PageID.4). On October 13, 2023, Defendant Carpenter assessed Plaintiff's tooth; he had x-rays taken that day. Carpenter placed him on a waitlist to see the dentist and have tooth #19 extracted. (*Id*.). About three weeks later, on November 6, 2023, Plaintiff submitted another request to see dental staff because of continued pain and an infection

3

in his mouth. The next day, he sent another request complaining of "severe pain, swelling, and blood loss." (*Id*.). At around 8 a.m. that day, Carpenter again assessed Plaintiff and another round of x-rays were taken. Plaintiff got six packs of ibuprofen and an antibiotic was ordered. Plaintiff was placed back on the wait list for the extraction. Later, because Plaintiff's face and throat area were swollen, housing staff contacted the medical department. At about 5 p.m., "Health Care officials" gave Plaintiff four antibiotic tablets and nine packs of ibuprofen. (*Id*.). Health care staff then realized that Plaintiff is allergic to aspirin products.

During this time, Plaintiff could not eat because of the pain and swelling. (*Id*. at PageID.5).

On November 8, 2023, Plaintiff had a telehealth visit with an unknown health care official and non-party Dr. Fenton. Afterward, Plaintiff was taken to the hospital for the swelling, infection, and pain he was experiencing. He was given more antibiotics and placed on the waitlist to see dental staff at the prison. (*Id*. at PageID.4-5). He was given more medication the next day. (*Id*. at PageID.5-6). Plaintiff received no further care from STF staff after November 10, 2023. (*Id*. at PageID.6).

Plaintiff was transferred to another prison facility on January 25, 2024. The day after, he submitted an emergency request to see dental staff about his issues. On January 31, 2024, dental staff at the new prison extracted tooth #19 and gave him antibiotics and pain medication. (*Id*. at PageID.5).

Plaintiff alleges that the moving Defendants are responsible for intake, assessment, diagnosis, and treatment. (*Id*. at PageID.3). He says the Defendants were "immediately made aware of Plaintiff's serious

4

medical needs" through an internal kite system and through his grievances. (*Id*. at PageID.7).

As for Defendants Flanagan and Carpenter, Plaintiff alleges that they reviewed his health care requests, scheduled follow-up appointments, placed him on the waitlist for the extraction, and created a plan of care. That said, Flanagan and other defendants "did not deem Plaintiff's symptoms and presentations severe enough to warrant Emergency Medical attention." (*Id*.).

Plaintiff alleges that Bitler investigated his grievance and found that no special diet had been ordered, that all Defendants were aware of his medical needs, and confirmed that no pain medication had been ordered. (*Id*.). According to Plaintiff, Defendant Gilbert investigated Plaintiff's medical claims asserted in his grievances and determined that his medical needs were appropriately addressed such that no further care was warranted. Plaintiff asserts that Gilbert had a duty to protect him. (*Id*. at PageID.8). Later in the complaint, Plaintiff clarifies that his claims against Bitler and Gilbert are for "failing to review evidence presented during the Grievance Investigation and failing to protect Plaintiff from inadequate and improperly conducted investigations" in violation of the Eighth and Fourteenth Amendments. (*Id*. at PageID.11).

The grievances and healthcare requests attached to Defendants' motion corroborate much of Plaintiff's allegations. For example, in Carpenter's response to Plaintiff's November 6, 2023, kite, she noted that he was seen by a dentist on October 13, 2023, and x-rays were taken but no infection was evident. Plaintiff was told he would be seen by a dentist as staffing permitted. (ECF No. 17-3, PageID.106). In response to one of Plaintiff's grievances, Defendant Gilbert summarized his dental care. This included a notation that x-rays were again

5

>taken on November 7, 2023, and that Plaintiff was given antibiotics. (ECF No. 17-5, PageID,121; *see also id*. at PageID.124). Then, after Plaintiff saw Dr. Fenton and emergency room medical staff, he sent another kite on November 12, 2023, stating that he was out of pain medication. He asked that more Tylenol be ordered. (ECF No. 17-6, PageID.129). In response, Flanagan instructed Plaintiff to purchase Tylenol from the commissary. She also noted that he was on the list and would be seen as staffing allowed. (*Id*.). Flanagan said the same in response to Plaintiff's November 29, 2023, kite. (ECF No. 17-7, PageID.131).

(ECF No. 45, PageID.333-336).

Additionally, according to Wilson's affidavit, he was transferred to another facility on January 25, 2024 and on January 31, 2024, his tooth was finally extracted after approximately 117 days. (ECF No. 1, PageID.17, ¶¶ 28, 29).

IV.  **OBJECTIONS**

A.  Objection No. 1

Wilson first objects to Judge Ivy's conclusion that he suffered no harm when he was supplied with medication to which he was allergic. In support of this objection, Wilson points to the court's screening opinion, which states that he was sent to the emergency room due to an allergic reaction to Ibuprofen/aspirin. (ECF No. 6, PageID.36). However, as Defendants correctly point out, that statement in the screening opinion is not supported by the record. Nowhere in the complaint does Wilson allege that he actually ingested the Ibuprofen/aspirin

6

or had an allergic reaction. Instead, he alleges that on November 7, 2023, non-party health care officials retrieved the medication after realizing he was allergic. (ECF No. 1, PageID.4). Wilson provided an affidavit in support of his complaint in which he further averred that staff were sent to retrieve all of the Ibuprofen he was given due to his allergy and no alternative was provided. (ECF No. 1, PageID.16, ¶ 12). Wilson does not allege in his affidavit that he ingested any Ibuprofen or that he suffered an allergic reaction. *Id.* Wilson then avers that he was issued aspirin and on request, it was switched to acetaminophen. (ECF No. 1, PageID.16, ¶ 19). Again, Wilson does not allege in his affidavit that he ingested any aspirin or had any allergic reaction. *Id.* Based on the allegations in the Complaint and Wilson's supporting affidavit, and accepting all allegations in the complaint as true and viewing them in the light most favorable to Plaintiff, the court agrees with Judge Ivy that it would be unreasonable to infer that he took the medication and suffered an allergic reaction, which is necessary to state a claim in this regard. *See Spann v. Hannah*, 2020 WL 8020457, at *2 (6th Cir. Sept. 10, 2020) (finding allegations sufficient to state a deliberate indifference claim where the plaintiff alleged that the defendants knew he was allergic to the medications that were prescribed, proceeded to prescribe and administer those medications to plaintiff anyway, and the plaintiff was hospitalized due to allergic

7

reaction). Thus, Wilson's claim sounds in mere negligence and does not rise to the level of a constitutional violation. Accordingly, Objection No. 1 is **OVERRULED**.

B.    <u>Objection No. 2</u>

In his second objection, Wilson asserts that Judge Ivy erred in concluding that Defendants did not act with deliberate indifference and that this is merely a case of disagreement over medical judgment. More specifically, Wilson argues that Defendants violated Policy Directive 04.06.150, which sets forth the definition of "urgent" dental services and "emergency" dental services. Wilson contends that Defendants' deviation from the policy directive creates a constitutional claim. Failure to follow MDOC policy, however, does not establish a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 580 (6th Cir. 2007).

Wilson also argues that the delay from when he first sought treatment to the time his tooth was extracted was deliberate indifference because it was an intentional delay of access to care for a serious medical need. However, it is undisputed that Flanagan, a registered dental hygienist, and Carpenter, a dental aide, could not extract Wilson's tooth as extraction is outside of the scope of their practice as a dental hygienist and dental aide. (ECF No. 17-8; ECF No. 33-4; ECF No. 45, PageID.345-6, 353-4). Moreover, as Defendants point out, Carpenter and

Flanagan did treat Wilson's condition as urgent by utilizing the on-call dental system to ensure his needs were reviewed by a dentist. (ECF No. 26, PageID.182). The RR found that Flanagan did not act with deliberate indifference because she "assessed Plaintiff's condition, noted that he was on the list to be seen by the dentist, and recommended that he purchase pain medication," (ECF No. 45, PageID.346) and Carpenter did not act with deliberate indifference because "she reviewed his kites, took x-rays, and placed him on the list to see the dentist." (*Id*. at PageID.355). The court agrees with Judge Ivy's conclusion that Wilson's assertion that these Defendants should have done more amounts to a mere disagreement over medical judgment and does not rise to the level of deliberate indifference. Accordingly, Objection No. 2 is **OVERRULED**.

    C.    <u>Objection No. 3</u>

In his third objection, Wilson asserts that Judge Ivy erred when he concluded that Plaintiff was not unable to pay for Tylenol for pain management. Wilson contends he is indigent, as evidenced by his *in forma pauperis* status in this case. Wilson, however, never argued before the magistrate judge that he was unable to purchase Tylenol for pain management. A party cannot raise new arguments in an objection. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act ... permits de novo

9

review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Even if the court were to consider this argument, as Defendants point out, Wilson's prisoner account statement shows that he regularly made purchases from the prisoner store totally $231.35 during the relevant time frame (October 2023 through January 2024). (ECF No. 2, PageID.27). Thus, it appears that there was, in any event, no financial impediment to Wilson's ability to purchase Tylenol for pain management.

Wilson also alleges that he was not provided with pain medication and believes it should have been provided. Wilson's wish for different pain medication fares no better than his indigency argument. Indeed, a plaintiff's "desire for a different or stronger medication does not show that the defendants' medical care constitutes a 'reckless disregard for a substantial risk of human harm.'" *Burton v. Parks*, 2012 WL 642121, at *2 (E.D. Mich. Jan. 12, 2012), report and recommendation adopted, 2012 WL 642115 (E.D. Mich. Feb. 28, 2012) (quoting *Almond v. Pollard,* 2011 WL 4101460 at *3 (7th Cir. Sept. 15, 2011) (affirming summary judgment in a case involving a prisoner's complaints about the treatment of his back pain, explaining that the prisoner "may disagree with

the course of treatment chosen, but that disagreement does not amount to deliberate indifference." (citing *Alspaugh v. McConnell,* 643 F.3d 162, 169 (6th Cir. 2011)); *see also Mitchell v. Hininger,* 553 F. App'x 602, 605 (6th Cir.2014) ("a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim.").

For these reasons, Plaintiff's third objection is **OVERRULED**.

D. <u>Objection No. 4</u>

In his fourth objection, Wilson contends that Judge Ivy erred in concluding that the Complaint failed on the subjective prong of an Eighth Amendment claim. As to Defendants Carpenter and Flanagan, this objection is duplicative of Objection No. 2 and will be **OVERRULED** on the same basis.

Wilson also mentions Defendant Gilbert in this objection. Judge Ivy concluded that the Complaint failed to allege Gilbert's personal involvement as required for § 1983 liability, thus recommending dismissal. More specifically, because Gilbert's only alleged involvement was the review and investigation of Wilson's grievance, Judge Ivy concluded that was insufficient personal involvement to sustain liability on a § 1983 claim. Judge Ivy is correct. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Med. Services*, 73 F. App'x 839, 841 (6th Cir. 2003), "as there is no

11

inherent constitutional right to an effective prison grievance procedure," *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (observing that the denial of a grievance complaining of inadequate medical care "is not the same as the actual denial of a request to receive medical care"). Accordingly, the objection as to Gilbert is **OVERRULED**.

## V. CONCLUSION

Based on the foregoing, the court **OVERRULES** Plaintiff's Objections (ECF No. 47), **ACCEPTS** and **ADOPTS** the Report and Recommendation (ECF No. 45), and **GRANTS** Defendants' motions to dismiss the Complaint (ECF Nos. 17, 33). Defendants Flanagan, Carpenter, Gilbert, and Bitler are **DISMISSED** from this action.  This is not a final order and does not close the case.

    **SO ORDERED**.

Date: August 14, 2025                              s/F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge